491 So.2d 288 (1986)
Alfred DENSON, Petitioner,
v.
Herb A. SANG, Superintendent, Duval County School Board, Respondent.
No. BL-475.
District Court of Appeal of Florida, First District.
June 27, 1986.
*289 Alfred Denson, pro se.
William Lee Allen, Asst. Counsel, Jacksonville, for respondent.
PER CURIAM.
Denson filed a notice of appeal 29 days after the rendition of a Duval County School Board final order terminating his employment as a tenured teacher with the Duval County school system. Duval County then moved to dismiss the appeal because the proceedings governing the dismissal of tenured teachers in Duval County is governed by the Duval County Teacher Tenure Act, Chap. 21197, Laws of Florida. The special act provides that review of a decision against a tenured teacher is to be by certiorari to the Circuit Court of Duval County within 10 days of rendition of the final order.
This court ordered Denson to show cause why the motion to dismiss should not be granted, and he responded explaining that the hearing officer had informed him that he had a right to appeal the school board's order to the District Court of Appeal in Tallahassee within 30 days of the order.
The Duval County Teacher Tenure Act (Act) provides tenured teachers with the right to a formal hearing before a hearing officer of the Division of Administrative Hearings. In accordance with the Act, Denson requested and received such a hearing. The Act also provides that the hearings shall be conducted under §§ 120.57(1), 120.58 and 120.59. Section 120.59(4) mandates that final orders shall inform the recipient of any "judicial review which may be available to him, shall indicate the procedure which must be followed to obtain ... the judicial review, and shall state the time limits which apply." None of the foregoing requirements were included in the final order dismissing Denson.
Because the final order did not inform Denson of his rights regarding judicial review, we ordered the school board to show cause why the notice of appeal and initial brief should not be treated as a petition for writ of certiorari challenging the final order as a departure from the essential requirements of law. See Fla.R.App.P. 9.040(c). Instead of responding to the question presented, the school board responded by defending the merits of the order.
The school board apparently misunderstood the nature of the order directing it to show cause. Under the Act, this court does not have jurisdiction to review the merits of a final order dismissing a tenured teacher. However, we consider the school board's response a concession that the final order departed from the essential requirements of the law for failing to inform Denson of his right to judicial review. Pursuant to Fla.R.App.P. 9.100(c) we quash the final order and remand to the school Board with instructions that it enter a new final order informing Denson of his rights in accordance with section 120.59.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.