523 So.2d 1235 (1988)
YES DEAR, INC., and Lawrence R. Miller, Appellants,
v.
DEPARTMENT OF REVENUE, Appellee.
No. BP-144.
District Court of Appeal of Florida, First District.
April 20, 1988.
Rehearing Denied May 20, 1988.
Robert S. Goldman, of Messer, Vickers, Caparello, French & Madsen, Tallahassee, for appellants.
Stephen J. Keller, Asst. Gen. Counsel, Dept. of Revenue, Robert A. Butterworth, Atty. Gen., and Edwin A. Bayo, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellants Yes Dear and Miller appeal an order of the Department of Revenue (Department) upholding a proposed assessment of a use tax, penalty, and interest against them. They contend the assessment of the use tax and 100 percent penalty under section 212.05(1)(a)2, Florida Statutes, was unlawful, and further, that simultaneous imposition of an additional 25 percent *1236 penalty pursuant to section 212.12(2) was improper.
On May 10, 1985, appellants purchased a boat from the Yacht Center in Ft. Lauderdale. At the time of the sale appellant Miller executed an affidavit of removal of the vessel from Florida pursuant to section 212.05(1)(a)2, Florida Statutes.[1] The affidavit notarized and signed by appellant Miller states in part:
Personally appears the below affiant, who being duly sworn, deposes that he has read the Department of Revenue's rule and claims exemption under the rule from 5% Florida sales and use tax on the purchase of boat designated below for the following reason... .
(X) Boat is to be repaired or altered and will be removed from the State of Florida by me or by my designated agent within 10 days after completion of the repairs or alteration consistent with Chapter 212.05, Florida Statutes.
The boat was then removed from Florida following the sale, thereby exempting it from the sales tax. However, the boat returned to Florida within six months of its departure and thereafter became subject to the use tax pursuant to section 212.05(1)(a)2.
On May 13, 1986, the Department of Revenue issued a "Notice of Delinquent Tax Penalty and Interest Due and Assessed" directed to appellant Yes Dear. The document assessed a 5 percent Florida use tax in the amount of $14,500, a 100 percent statutory penalty in the amount of $14,500, additional penalties of 25 percent, and interest, for a total amount due of $34,365. Appellants sought reconsideration of the assessment and an informal conference with the Department. They argued that (1) liability for the use tax and 100 percent penalty depended entirely upon the seller's perfection of an exemption from the sales tax; and (2) in this case no exemption was perfected because the Department's form did not afford the nonresident purchaser the protection required by the statute and the Department's rule, i.e., the form did not recite on its face that appellant had read the provisions of section 212.05. Appellants paid the sales tax, but objected to paying the penalties. Following the informal conference on the matter, the Department issued its "Notice of Reconsideration" rejecting appellants' contentions and imposing the assessment.
Initially, we note that the Department has filed a motion to dismiss this appeal on the ground that the Notice of Reconsideration does not constitute final agency action. In response, appellants maintain the order does constitute final agency action, and that because they do not contest the factual basis for the assessment no purpose would be served by instituting section 120.57(1) proceedings. Since appellants have asserted there are no disputed issues of material fact and are willing to contest the tax assessment on the basis of the record in the proceedings which have taken place so far, we deem the *1237 Department's notice of assessment to be final agency action for purposes of this appeal and conclude that appellate review of the agency's action is appropriate under section 120.68. See United Engines, Inc. v. Department of Revenue, 508 So.2d 459 (Fla. 1st DCA 1987).
Appellants first contend that the Department's affidavit form is ineffective to create a sales tax exemption pursuant to section 212.05(1)(a)2 because the form does not comply with that statute. They argue that the form does not state the purchaser has read section 212.05 and none of the provisions of that section are recited or paraphrased on the form. Appellants point out that the form merely cites to section 212.05 and states that the purchaser has "read the Department's rule" without any citation to identify the rule. Appellants argue, therefore, that the parties' efforts to create a sales tax exemption was legally ineffective with the result that the remainder of section 212.05(1)(a)2 is inapplicable; hence, no use tax and 100 percent penalty are due because the sale was subject to the sales tax and never became exempt. As they have willingly paid the 5 percent sales tax plus interest, appellants contend, the assessment of the "use tax" plus 100 percent penalty must be set aside.
The Department, on the other hand, argues that the affidavit form is consistent with section 212.05 and is effectively designed to put purchasers on notice of the conditions pertaining to the sales tax exemption. It argues the statute does not require that the affidavit contain a verbatim recitation of section 212.05(1)(a)2, or of Rule 12A-1.007, Florida Administrative Code, but only requires that the affidavit reflect that the purchaser swears he has been put on notice as to all conditions pertaining to the exemption. We agree with the Department and affirm on this issue.
Based on the record before us it is evident that Yes Dear and the selling dealer fulfilled the requirements for perfecting the sales tax exemption under section 212.05(1)(a)2. The selling dealer received a resale certificate, a customer exemption certificate, an affidavit, and proof that the yacht had left Florida and was registered in another state. Yes Dear fulfilled the requirements by signing the affidavit that the boat was to be removed from Florida and then doing so. Yes Dear's return of the boat to Florida within the statutory six month period and use of the boat in Florida waters triggered the imposition of the use tax pursuant to section 212.05(1)(a)2.
Regarding appellants' argument that the Department's affidavit is legally ineffective to create the sales tax exemption, we are unwilling to elevate form over substance and hold that no sales tax exemption came into effect because the affidavit fails to cite the statute and, instead, merely states that the affiant has "read the Department of Revenue's rule." A review of the Department's Rule 12A-1.007 shows that it substantially tracks the provisions of section 212.05(1)(a)2.[2] The rule states *1238 under which conditions a boat will be exempt from sales tax and the steps necessary to obtain that exemption. The rule also explains the penalty that will be assessed if the provisions of the rule are not followed. The affidavit signed by appellant Miller states that he had read the Department's rule and that he was claiming exemption from the sales tax pursuant to section 212.05. While there seems to be a question of fact as to whether appellant Miller actually saw a copy of the statute or rule in question, appellants have repeatedly stated that only a question of law is involved in this appeal, i.e., whether the affidavit form was legally sufficient to create the sales tax exemption. Miller was, therefore, as a matter of fact on notice as to all the conditions pertaining to the exemption, or at least on notice that he needed to make further inquiries if he did not understand what the statute or rule provided. If the boat dealer failed to provide appellants with the necessary statute and rule, perhaps appellants may have some sort of claim against him (a matter we do not decide), but this failure does not absolve appellants of the duty to pay the assessed use tax and penalty in accordance with the statute.
Next, appellants contend that the Department wrongfully imposed a 25 percent late penalty pursuant to section 212.12(2) in addition to the penalty provided in section 212.05(1)(a)2. We agree and reverse.
Section 212.05(1)(a)2, Florida Statutes (1985), states that the penalty equal to the use tax provided in this section "shall be in lieu of the penalty imposed by s. 212.12(2) and is mandatory and shall not be waived by the department." In addition, Rule 12A-1.007(1)(f), Florida Administrative Code, states in part that any purchaser who returns a boat to this state within six months of purchase "shall be liable for payment of the tax, plus interest and the mandatory penalty equal to the tax, which penalty is in lieu of the penalty provided in Section 212.12, Florida Statutes." The express language of the statute and the rule indicate that the only penalty to be imposed in a case such as this is the one specified in section 212.05(1)(a)2. Nothing in section 212.05(1)(a)2 indicates that the 100 percent penalty is only in lieu of the fraud penalty, as the Department argues. Penalty provisions must be strictly construed. It follows that appellants were wrongfully assessed the additional penalty of 25 percent of the tax due.
The appealed order is AFFIRMED in part and REVERSED in part. The cause is REMANDED for entry of an order in conformance with this opinion.
SHIVERS, J., and PEARSON, TILLMAN (Ret'd), Associate Judge, concur.
NOTES
[1] This section of Florida Statutes (1985) provides:

2. This paragraph does not apply to the sale of a boat by or through a registered dealer under this chapter to a purchaser who removes such boat from this state within 10 days after the date of purchase or, when the boat is repaired or altered, within 10 days after completion of such repairs or alterations. In no event shall the boat remain in this state more than 90 days after the date of purchase. This exemption shall not be allowed unless the seller:
a. Obtains from the purchaser within 90 days from the date of sale written proof that the purchaser licensed, registered, or documented the boat outside the state;
b. Requires the purchaser to sign an affidavit that he has read the provisions of this section; and
c. Makes the affidavit part of his permanent record.
In the event the purchaser fails to remove the boat from this state within 10 days after purchase or, when the boat is repaired or altered, within 10 days after completion of such repairs or alterations, or permits the boat to return to this state within 6 months from the date of departure, the purchaser shall be liable for use tax on the cost price of the boat and, in addition thereto, payment of a penalty to the Department of Revenue equal to the tax payable. This penalty shall be in lieu of the penalty imposed by s. 212.12(2) and is mandatory and shall not be waived by the department.
[2] Rule 12A-1.007 provides in part:

(1)(c) The [sales] tax applies to all sales of boats in this state ... unless the dealer is the holder of a valid dealer's certificate of registration issued by the Florida Department of Revenue and the sale is made under the following conditions:
1. The purchaser removes such boat from this state within 10 days after the date of purchase. It shall be the duty of the dealer who sells the boat to obtain from the purchaser, and retain in his records, written proof that the boat was in fact removed from this state within the 10-day time limit specified in this rule... . or,
2. The boat is altered or repaired after the sale and the purchaser removes such boat from this state within 10 days after completion of repairs or alterations. In no event shall the boat remain in this state more than 90 days after date of purchase. When the boat is altered or repaired, whether by the dealer who sold the boat or by anyone else, it shall be the selling dealer's responsibility to obtain from the purchaser written proof ... that the boat was in fact removed from this state within the 10-day time limit specified in this rule;
3. Provided that in either 1, or 2, above, the dealer obtains from the purchaser within 90 days from the date of the sale written proof that the purchaser licensed, registered, or documented the boat outside this state; and
4. The selling dealer obtains from the purchaser, and makes it a permanent part of his records, an affidavit in which the purchaser attests to the fact that he has read the statute, states reason for claiming exemption, that he will remove the boat from this state within the time limit set in this rule, that no use will be made of the boat in this state other than to expeditiously move the boat from the point of delivery to the repair facility and that the boat will be removed from this state within 10 days after completion of the repairs or alterations.