553 So.2d 1289 (1989)
NATIONAL FEDERATION OF RETIRED PERSONS, Appellant,
v.
DEPARTMENT OF INSURANCE, Appellee.
No. 88-2431.
District Court of Appeal of Florida, First District.
December 8, 1989.
Donna H. Stinson of Moye, Flanigan, Katz, Fitzgerald & Sheehan, Tallahassee, for appellant.
S. Marc Herskovitz, Tallahassee, for appellee.
PER CURIAM.
National Federation of Retired Persons (NFRP) appeals a declaratory statement sought from and issued by the Department of Insurance (Department) expressing the opinion that NFRP's proposed activities would amount to transacting insurance, thereby falling within the scope of the Department's regulatory authority under the Florida Insurance Code. Because we find that the Department's interpretation of applicable Code provisions is a permissible one, we affirm the declaration in question. Florida Power Corp. v. State of Florida, Dep't of Envtl. Regulation, 431 So.2d 684, 685 (Fla. 1st DCA 1983).
NFRP proposes to include in an informational pamphlet of the type routinely sent out to its enrolled and prospective members, an invitation to interested persons to inquire further of NFRP with respect to the availability of supplemental medicare insurance. The pamphlet indicates that NFRP has reviewed policies that pay "100% of covered hospital charges", that "cover pre-existing conditions" and that "guarantee ... acceptance" without asking health questions. The names of persons requesting further information about such policies would be compiled into a list, which list would then be offered to insurance companies for a fee.
NFRP acknowledges that it "facilitates contact between an agent and a potential client" but argues that its acts do not constitute a "solicitation or inducement" within the meaning of "transacting insurance" as that term is used in section 624.10, Florida Statutes. It contends also that the matters contained in its petition for declaratory statement provide an insufficient basis for the Department's determination[1] *1290 and further that the Department exceeded the scope of its authority.
The Department maintains that NFRP transacts insurance through "solicitation and inducement" without a license in violation of the Code by extracting from its membership and prospective members the names of those persons solely interested in receiving additional information about supplemental medicare insurance, compiling a list of the names and addresses of those persons and selling such list to insurance companies. The Department also reminds us that its interpretation of the statutes it administers is entitled to great deference.
Because the statutes in question do not define what is meant by "solicitation or inducement", the meaning of those words must be determined by basic principles of statutory construction. See Hepler v. Atlas Mutual Ins. Co., 501 So.2d 681, 685 (Fla. 1st DCA 1987). If terms are not defined in a statute, the plain and ordinary meaning of those terms applies. See State, Dep't of Admin. v. Moore, 524 So.2d 704, 707 (Fla. 1st DCA 1988). Although "solicitation or inducement" are not statutorily defined, they can be readily understood by reference to commonly accepted dictionary definitions. Powell v. State, 508 So.2d 1307, 1310 (Fla. 1st DCA 1987).
"Solicit" is defined in Webster's Third New International Dictionary, Unabridged (1981) as to "entice" which is defined as "to draw on by arousing hope or desire". Webster's defines "induce" as to "call forth", "draw on", or "bring about". "Extract" is defined as "to draw forth". In the circumstances presented herein, we find that the Department's interpretation of NFRP's proposed activities falls within the statutory scope of a "solicitation" or "inducement".
An agency is afforded wide discretion in the interpretation of a statute which it administers and such interpretation will not be overturned unless clearly erroneous. PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla. 1988); Natelson v. Dep't of Ins., 454 So.2d 31, 32 (Fla. 1st DCA 1984). Reviewing courts will defer to any interpretation within the range of possible interpretations. Natelson 454 So.2d at 32. (Emphasis in the original). The Department's construction of the relevant terms is well within the range of possible constructions. NFRP has failed to demonstrate how that interpretation exceeded the authority of the Department or was clearly erroneous. We are therefore obliged to affirm the Department's declaration that NFRP's proposed activities would transact insurance without a license in violation of section 624.11, Florida Statutes (1987).
SMITH, THOMPSON and MINER, JJ., concur.
NOTES
[1] To enhance its understanding of the details of NFRP's planned activities prior to issuance of the subject declaratory statement, the Department requested additional information. NFRP declined to furnish such information.