660 So.2d 1059 (1995)
LATIN EXPRESS SERVICE, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 95-510.
District Court of Appeal of Florida, First District.
May 18, 1995.
Rehearing Denied October 16, 1995.
Richard B. Austin, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark T. Aliff, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The Department of Revenue moves to dismiss this appeal, asserting that the notice of appeal did not timely invoke the jurisdiction of this court. We deny the motion, and relinquish jurisdiction to the Department for the purpose of entry of a final order complying with the requirements of section 120.59(4), Florida Statutes.
Pursuant to the applicable rules of the agency, appellant protested and sought reconsideration of the assessment of a use tax in the amount of $175,000. In its order, styled as a "notice of reconsideration," the Department rejected appellant's protest and sustained the tax as assessed. The Department further recited, in the portion of the notice entitled "Taxpayer Appeal Rights," that the notice constituted its final position prior to court action or administrative proceeding, and informed appellant of its right to contest the determination either in circuit court or an administrative forum pursuant to sections 72.011 and 120.575, Florida Statutes. The notice went on to advise appellant that its "complaint must be received by the Clerk of the Court or your petition must be received by the Department of Revenue within *1060 60 days from the date of this Notice of Reconsideration." After more than 30 days had passed since issuance of the notice, but before the expiration of the 60-day period, appellant filed its notice of appeal with both the Department and this court.
In its motion to dismiss, the Department essentially acknowledges that in addition to the rights of judicial and administrative review outlined in the notice, its order is subject to direct review by this court in accordance with section 120.68, Florida Statutes. See Yes Dear, Inc. v. Department of Revenue, 523 So.2d 1235 (Fla. 1st DCA 1988); United Engines, Inc. v. Department of Revenue, 508 So.2d 459 (Fla. 1st DCA 1987). The Department argues, however, that because appellant did not file its notice of appeal within thirty days of rendition of the order, the appeal must be dismissed for lack of jurisdiction. In response, appellant asserts that the order did not become final by its own terms until 60 days after its issuance, and that the notice of appeal was therefore timely. Appellant further notes that unlike the situation in Rivers v. Department of Revenue, 508 So.2d 360 (Fla. 2d DCA 1987), relied upon by appellee in its motion, this order did not specifically inform it that judicial review in the district court of appeal could be instituted by filing a notice of appeal within 30 days.
Section 120.59(4), Florida Statutes, provides that parties shall be notified of any final agency order, and that the "notice shall inform the recipient of any administrative hearing or judicial review that is available under s. 120.57 or s. 120.68, shall indicate the procedure which must be followed to obtain the hearing or judicial review, and shall state the time limits which apply." This court has repeatedly recognized that a notice of agency action that fails to inform a party of its right to seek administrative review and the relevant time limits associated therewith is inadequate to trigger commencement of the administrative process. Florida League of Cities, Inc. v. Administration Comm'n, 586 So.2d 397 (Fla. 1st DCA 1991); Henry v. Department of Admin., 431 So.2d 677 (Fla. 1st DCA 1983); Wahlquist v. School Bd. of Liberty County, 423 So.2d 471 (Fla. 1st DCA 1982); Sterman v. Florida State Univ. Bd. of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982). Likewise, we have recognized that where an agency's order fails to comply with the statutory requirement that a party be advised of its rights to judicial review and the time limits associated with invoking that right, the order departs from the essential requirements of law. In that circumstance, we quashed the defective order, and remanded to the agency with directions to enter a new final order complying with the statute. Denson v. Sang, 491 So.2d 288 (Fla. 1st DCA 1986).
Although the order in this case adequately apprised appellant of its right to institute an action in circuit court or an administrative forum, it did not, as required by section 120.59(4), apprise appellant of its alternative right to seek review in this court pursuant to section 120.68, and the time limit associated with seeking such review. On this basis, we conclude that rather than being untimely, appellant's notice of appeal is in fact premature, in that the agency has not yet entered a final order in compliance with the requirements of the Administrative Procedure Act. In the case of premature appeals, Florida Rule of Appellate Procedure 9.110(m) allows this court, in its discretion, to either dismiss the appeal or to relinquish jurisdiction to the lower tribunal for the purpose of entry of a final order. We elect in this case to deny the motion to dismiss, and to relinquish jurisdiction to the agency for a period of 20 days for the purpose of entry of an amended final order complying with the requirements of law. Upon entry of such an order, jurisdiction shall automatically revest in this court.
By this opinion, we do not suggest that this court has now created or revived a right to seek belated review of a long dormant, albeit technically defective, "final" agency order. Such a circumstance is clearly distinguishable from this case, because appellant promptly pursued its appellate remedies but as a consequence of the defect in the agency's order was misled as to the precise time limit for seeking such review. Cf. Machules v. Department of Admin., 523 So.2d 1132 (Fla. 1988) (application of the doctrine of equitable tolling to allow the prosecution of an *1061 untimely administrative proceeding is dependent, in part, upon a showing that the litigant has not "slept on its rights").
MOTION TO DISMISS DENIED; JURISDICTION RELINQUISHED.
ZEHMER, C.J., and ALLEN and KAHN, JJ., concur.