660 So.2d 775 (1995)
William Wayne DAVIS, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, STATE OF FLORIDA, Respondent.
No. 94-2908.
District Court of Appeal of Florida, First District.
September 18, 1995.
*776 William Fisher, IV of Merritt & Ratchford, Pensacola, for petitioner.
Enoch J. Whitney, General Counsel; Rafael E. Madrigal, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for respondent.
BENTON, Judge.
When William Wayne Davis sought judicial review of an administrative decision cancelling his (already restricted) driving privilege, the circuit court declined to reach the merits of his petition for writ of certiorari on grounds "the petition was not filed in a timely manner and the Court has no jurisdiction to rule on this matter." We conclude that the petition for writ of certiorari Mr. Davis filed in circuit court was not late under the law in effect at the time. We therefore grant the subsequent petition for writ of (common law) certiorari he filed in this court, quash the order dismissing the original petition, and remand for a determination of the merits of the original petition.

Common Law Certiorari
Although original in form, a certiorari proceeding in circuit court to review administrative action is "appellate in character in the sense that it involves a limited review of an inferior jurisdiction." Haines City Community Dev. v. Heggs, 658 So.2d 523, 525 (Fla. 1995). Review of such circuit court decisions is available in a district court of appeal, if at all, only by petition for writ of common law certiorari. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). After appellate consideration in circuit court, there is no right to a second appeal to a district court of appeal.
"[C]ertiorari jurisdiction of the district court may be sought to review final orders of circuit courts acting in their review capacity." Vaillant, 419 So.2d at 626. The standard of review in common law certiorari proceedings in a district court of appeal "when it reviews the circuit court's order under Florida Rule of Appellate Procedure 9.030(b)(2)(B) ... has only two discrete components." Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla. 1989) (emphasis omitted). "The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Heggs, 658 So.2d at 529; Combs v. State, 436 So.2d 93 (Fla. 1983).
While not every legal error is of sufficient magnitude to warrant correction on petition for writ of common law certiorari, an erroneous refusal to exercise jurisdiction does constitute "the commission of an error so fundamental in character as to fatally infect the [circuit court's] judgment," State v. Smith, 118 So.2d 792, 795 (Fla. 1st DCA 1960), making relief by writ of common law certiorari appropriate.

Administrative Proceedings
In accordance with section 322.28(2)(a)3., Florida Statutes (1991), William Wayne Davis' driver's license was revoked upon his third conviction for driving under the influence in violation of section 316.193, Florida Statutes. Some two years later, he became eligible "for reinstatement of his driving privilege" on a basis "restricted to business or employment purposes only." § 322.271(2)(b), Fla. Stat. (1993). Once reinstated, petitioner had "to be supervised by a DUI program licensed by the department, and to report to the program at least three times a year." § 322.271(2)(b), Fla. Stat. (1993).
*777 Lakeview Center, Inc. (Lakeview) in Pensacola operated the DUI program that supervised petitioner. A urine sample he submitted to Lakeview in November of 1993 tested positive for cocaine metabolites. Lakeview relayed this information to the Department of Highway Safety and Motor Vehicles (DHSMV), which entered a form order dated January 20, 1994, cancelling petitioner's restricted driving privilege. The form order advised:
HOW TO APPLY FOR ADMINISTRATIVE HEARING TO REVIEW YOUR RECORD: If you believe that you have any legal basis to show cause why this action is unjustified, you may request a RECORD REVIEW at which time any argument, other than the validity of a conviction, may be presented to a hearing officer for review. A request for a record review shall not toll the time in which to file a writ of certiorari in accordance with S. 322.31 F.S.
Section 322.31, Florida Statutes (1993), provides that orders denying, cancelling, suspending or revoking driver's licenses "shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the circuit court." The form order of cancellation advised that "[a]ppeals ... may be initiated within 30 days ... by following the procedure specified in S.322.31 F.S."
By letter dated January 28, 1994, petitioner wrote Barbara Lauer, Director of DHSMV's DUI Programs Section, alleging "a false positive urinalysis," and seeking "to enroll in another program at Avalon Center [Avalon] in Santa Rosa County." Ms. Lauer responded, outlining the procedure for obtaining a hearing at Avalon. The hearing at Avalon resulted in what the circuit court described as "the decision of the DUI Evaluator made at an appeal hearing which occurred between February 10 and March 23 of 1994." In this decision, according to the petition for writ of certiorari filed here, the DUI Evaluator gave no weight to petitioner's four- or five-year history of negative urinalysis results or to the "cross reactivity potential" of over-the-counter medications petitioner was allegedly taking in November of 1993.
On March 24 and 28, 1994, petitioner again wrote Ms. Lauer. By letter in reply dated April 26, 1994, she asserted on behalf of DHSMV that "the positive urinalysis in November 1993 served as justification for immediate cancellation," and stated:
You do have one option regarding another appeal. 322.31, Florida Statutes contains a writ of certiorari, which provides for a review of the department's decision that cancelled your driving privileges. Should you wish to explore this option, it would behoove you to retain the services of an attorney.
With the assistance of counsel, petitioner did file a petition for writ of certiorari in circuit court. Although the petition was filed within thirty days of April 26, 1994, the circuit court dismissed the petition as untimely on the theory that "the decision of the DUI Evaluator made at [the] appeal hearing" constituted a final order "of the department." § 322.31, Fla. Stat. (1993). The present petition for writ of certiorari seeks to overturn this dismissal.

Final Order of the Department
Under section 322.31, Florida Statutes (1993), review is available in circuit court only if a petition for certiorari is filed within thirty days of entry of a final DHSMV order. Fla.R.App.P. 9.100(c). The same time limit applies even if the circuit court review proceeding is viewed as an appeal of "administrative action ... provided by general law." Fla.R.App.P. 9.030(c)(1)(C). See Fla.R.App.P. 9.110(a)(2). "In appeals of final administrative action, controlling appellate rules require the filing of a notice of administrative appeal, Fla.R.App.P. 9.900(e), with the agency, and specify that `the appellant shall ... file the second copy of the notice with the court.' Fla.R.App.P. 9.110(c)," Baillie v. Department of Natural Resources, Div. of Beaches and Shores, 632 So.2d 1114, 1116 n. 3 (Fla. 1st DCA 1994), review denied, 642 So.2d 1362 (Fla. 1994), "within 30 days of rendition of the order to be reviewed." Fla. R.App.P. 9.110(b). Filing either place within thirty days meets jurisdictional requirements. *778 Magnolias Nursing and Convalescent Center v. Department of Health and Rehabilitative Servs., Office of Licensure and Certification, 428 So.2d 256 (Fla. 1st DCA 1982), review denied, 449 So.2d 265 (Fla. 1984).
DHSMV argued below that the "order to be reviewed" was its January 20, 1994, form order of cancellation. The trial court rejected this contention. In light of the administrative proceedings that took place after entry of the form order, as contemplated by advice to litigants set out in the form order, we agree with the learned trial judge on this point. The subsequent administrative proceedings belie DHSMV's claims of finality for the form order. The letter of April 26, 1994, invited judicial review. See generally Latin Express Serv., Inc. v. State of Florida, Dep't of Revenue, 660 So.2d 1059 (Fla. 1st DCA 1995); Denson v. Sang, 491 So.2d 288 (Fla. 1st DCA 1986); Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977). Under the statutes and rules in effect at the time, the form order was not an order of the department (as opposed to action by a "DUI Evaluator" not even employed by the Department).
We conclude that the letter of April 26, 1994, from the Director of DHSMV's DUI Programs Section, should be deemed the final order "of the department." § 322.31, Fla. Stat. (1993). The opinion in Keith v. Corbin, 346 So.2d 1223 (Fla. 1st DCA 1977), cert. denied, Corbin v. Keith, 352 So.2d 170 (Fla. 1977), seems to support this view. There, after a driver's license was revoked, "and following an administrative hearing the revocation was affirmed by letter of 25 June 1976." Id. at 1224. If, as has been held, a circuit court with conceded "authority to direct the department to revoke [a] driver's license, ... [nevertheless lacks] the authority to suspend or revoke the license itself," Crawford v. State, 651 So.2d 731 (Fla. 4th DCA 1995), surely no "DUI Evaluator" has such authority, sans rule or statute.
Although we do not decide the question, we feel obliged to point out that current Florida Administrative Code Rule 15A-10.031(1) might dictate a different result in a case arising on or after January 4, 1995. Effective January 1, 1994, DUI programs were transferred from the Supreme Court to DHSMV. In re Amendments to the Florida Rules of Traffic Court, 621 So.2d 1063 (Fla. 1993). Effective January 4, 1995, DHSMV adopted administrative rules supplanting the prior Florida Rules of Traffic Court, viz., Florida Administrative Code Rules 15A-10.000, et seq. §§ 322.271(4)(e) and 322.292(2)(a), Fla. Stat. (1993).
In the present case, however, we grant the petition for common law certiorari, quash the trial court's order on (i.e., dismissing) petition for writ of certiorari, and remand for further proceedings consistent with this opinion.
WEBSTER and MICKLE, JJ., concur.