BARFIELD, Chief Judge,
dissenting.
In my opinion, both this court’s prior ruling denying the motion to dismiss this case on jurisdictional grounds and Yes Dear, Inc. v. Department of Revenue, 523 So.2d 1235 (Fla. 1st DCA 1988), on which that ruling was predicated, were wrongly decided, and the court does not have jurisdiction to entertain this appeal. Adhering to precedent with which one disagrees would ordinarily warrant a concurring opinion with the expressed disagreement, on the hope that the court would correct its error in the future. However, when the error is the court’s exercise of jurisdiction it does not have, I believe it proper to decline to participate in that exercise of jurisdiction.
Pursuant to sections 72.011 and 120.575, Florida Statutes (Supp.1994), and Rule 12-6, Florida Administrative Code, a taxpayer may elect to contest the legality of a tax assessment, after timely seeking reconsideration of the assessment, either by filing an action in circuit court or by filing a petition for administrative proceeding under chapter 120, but in either ease, only after paying the Department of Revenue the tax, penalties, and accrued interest which are uncontested. The administrative or judicial ruling may then be challenged in the appropriate district court of appeal, based on the record presented in the lower tribunal. The effect of the jurisdictional rulings in Yes, Dear and in the instant case is to allow taxpayers to obtain judicial review of tax assessments without complying with the prepayment jurisdictional requirements of sections 120.575 and 72.011, without the notice required under chapter 120 or the pleadings required in circuit court, and without any findings of fact or conclusions of law forming the basis for judicial review required of a final administrative order under sections 120.57(1) or (2).
In Yes, Dear, the court deemed the notice imposing the tax assessment “to be final agency action for purposes of this appeal” and concluded that “appellate review of the agency’s action is appropriate under section 120.68.” However, “agency action” is defined by section 120.52(2) as “the whole or part of a rule or order, or the equivalent, or the denial of a petition to adopt a rule or issue an order.” The section 120.52(11) definition of “order” specifically excludes “an assessment of tax, penalty, or interest by the Department of Revenue” and provides that such an assessment “shall be deemed final as provided in the statutes and rules governing the assessment and collection of taxes.”[3]
In Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986), Judge Zehmer (the author of both jurisdictional opinions with which I take issue) wrote for the majority in an en banc opinion:
We do not take lightly the fundamental principle that the “law of the case” should, once announced, govern in all subsequent proceedings. But we have the power— indeed the responsibility — to reconsider and reverse a previous ruling that has become the “law of the case” when convinced, on a subsequent appeal of the same case, that our original pronouncement of the law was erroneous. Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
Convinced as I am that the jurisdictional rulings in Yes, Dear and in this case are in error and that Judge Zehmer, if he were able to review them, would concur in my opinion, I can only dissent to any determination of this case on the merits and suggest to the Department of Revenue that in future cases like this one, it should attack this court’s exercise of jurisdiction at a higher level.

. The 1996 version of chapter 120, not applicable in this case, but instructive as to legislative intent, is the result of an attempt to reorganize the Administrative Procedure Act. Provisions dealing specifically with the Department of Revenue are collected in section 120.80(14), including the provisions previously located in section 120.575 and the language from section 120.52(11) quoted in the text. The definition of "order” is eliminated from section 120.52, replaced by the defini-fion of "final order" which includes only written final decisions resulting from specific chapter 120 rule making or adjudicatory proceedings. The Department of Revenue "notices of assessment” or "notices of reconsideration” do not result from any of the specified chapter 120 proceedings, and are therefore, even under the 1996 statute, not final orders appealable under section 120.68.